UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TFG LIFE SETTLEMENTS, LLC, a
Delaware limited liability company

       Plaintiff,

v.                                                                                  Case No:  2:15-cv-755-FtM-38CM

CENTURION INSURANCE
SERVICES GROUP, LLC and
CENTURION ISG (EUROPE)
LIMITED,

       Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court on Plaintiff, TFG Life Settlements, LLC's Motion for a Temporary Restraining Order (TRO) (Doc. #2) filed on December 3, 2015. TFG provided the Defendant Centurion Insurance Services Group, LLC (Centurion) with notice of the TRO proceedings and a copy of its Motion on December 3, 2015. Centurion has not filed a response.

## **BACKGROUND**

This case arises out of the sale of three (3) life insurance policies between TFG and Centurion. TFG alleges that Centurion agreed to sell the Winemiller Policies at issue for a total price of $1,800,000. The Winemiller Policies at issue are:

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

    (1) An insurance policy issued by John Hancock Life Insurance Company Policy Number 95475091, insuring the life of Jimmy D. Winemiller with a death benefit of $10,000,000. (Handcock Policy).

    (2) An insurance policy issued by Aviva Life and Annuity Company Policy Number IL02139410, insuring the life of Jimmy D. Winemiller with a death benefit of $10,000,000. (Aviva Policy).

    (3) An insurance policy issued by Zurich American Life Insurance Company. Policy Number 151301, insuring the life of Jimmy D. Winemiller with a death benefit in the amount of $5,000,000. (Zurich Policy).

Both the Aviva and John Hancock Polices have entered the thirty (30) day grace period in which the premium must be paid or the policy will lapse. The Aviva Policy will lapse on December 4, 2015, should the $255,008.66 premium not be paid. The date the grace period will lapse for the John Hancock Policy is not known at this time.

    TFG avers that on November 22, 2015, brokers approached it about purchasing the John Hancock Policy for $1,025,000, the Aviva Policy for $700,000, and the Zurich Policy for $75,000, for a total of $1,800,000. In response, TFG made an offer through these brokers to Centurion.

    On November 23, 2015, TFG agreed to the purchase of all three policies. Centurion accepted the offer and draft agreements were circulated between the buyer and seller on November 30, 2015. On that same day, Centurion sent TFG executed copies of the sales agreements. TFG signed the agreements on December 1, 2015.

That same day, the Bank of Utah confirmed that TFG deposited the total purchase price for the Winemiller Policies.

TFG argues the written sales agreements entered into on December 1, 2015, mandate specific performance and contain a clause for injunctive relief should one of the parties back out of the agreements.  TFG now states that Centurion is attempting to back out of the agreements and sell the Winemiller Policies to a third party for more money.  Less than twenty-four (24) hours after receiving TFG's signatures on the sales agreements, Centurion informed TFG that it would not authorize the Bank of Utah to finalize the closing on the Winemiller Polices as agreed.  TFG states that Centurion has received another offer on the Winemiller Policies and stands to gain an additional $1,000,000 by selling to the third party.

As a result of Centurion backing out of the agreements, TFG filed a Complaint with this Court seeking a TRO preventing the sale of the Winemiller Policies to a third party.

## **DISCUSSION**

TFG moves the Court for a TRO to maintain the status quo pending the final disposition of the case.  TFG requests the Court to prevent: (a) the Bank of Utah or anyone else from offering for sale, selling, transferring, gifting, or conveying the Winemiller Policies to any other person other than TFG; (b) permitting the Winemiller Policies to be subject to any encumbrances or liens of any kind; and (c) allowing the Winemiller Policies to lapse, enter into a grace period or otherwise be adversely affected, until further order of this Court.

A temporary restraining order will be issued only if plaintiff demonstrates (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the

3

threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any. Fed. R. Civ. P. 65. A.G. Edwards & Sons, Inc. v. McCreanor, No. 2:07-CV-570-FTM29DNF, 2007 WL 2696570, at *1 (M.D. Fla. Sept. 11, 2007) (citing M.D. Fla. Local Rules, 4.05(b)(4)).

### (1) *The Likelihood of Success*

On November 30, 2015, Centurion sent TFG its executed copies of the sales agreements.  TFG signed the agreements on December 1, 2015, and returned them to Centurion.  The sales agreements contain a specific performance clause and a clause providing for injunctive relief.   Therefore, based upon the agreements, it appears there is a likelihood of success on the merits.

### (2) *The Irreparable Nature of the Threatened Injury and the Reason that Notice Cannot be Given*

TFG states it provided notice to Centurion on December 3, 2015, the day the TRO was filed with the Court.  While notice was provided, it was short and did not allow Centurion time to file a proper response.  Nevertheless, good cause exists to provide no notice or short notice due to the grace period expiring on the Aviva Policy on December 4, 2015.  If the grace period expires, the Aviva Policy will be terminated and result in irreparable injury to TFG.  Additionally, should the Winemiller Policies be sold to a third party, TFG will suffer irreparable harm in the loss of the deal.  Thus, there exists an irreparable nature to the threatened injury TFG faces, and the second prong is met.

### (3) *Potential Harm that Might be Caused to the Opposing Parties*

There is potential harm to Centurion in the loss of the sale of the Winemiller Policies to a third Party for more money than offered by TFG.  However, greater loss will

be incurred by TFG, which entered into the sales agreements in apparent good faith, if the Winemiller Policies are sold to a third party. Thus, the third prong is met.

### (4) *Public Interest at Stake*

The public has an interest in contracts being performed as agreed. Therefore, the public has an interest at stake and the public interest will not be violated by the issuance of the requested TRO. The fourth prong is met.

### **CONCLUSION**

The four prongs of Fed. R. Civ. P. 65(b) have been met and good cause exists to enter the TRO. Aviva is not a party to this action and entered into a contract with a third party to insure Jimmy Winemiller. Therefore, the Court cannot direct Aviva to extend the grace period on the Aviva Policy that will expire on December 4, 2015. However, TFG, the Plaintiff in this action, may pay the $255,008.66 premium. The amount of the total purchase price for all three Winemiller Policies will be reduced by that amount should TFG prevail in its lawsuit.

Accordingly, it is now

**ORDERED:**

Plaintiff, TFG Life Settlements, LLC's Motion for a Temporary Restraining Order (TRO) (Doc. #2) is **GRANTED** and is effective as of 2:00 PM this fourth day of December 2015.

(1) Centurion is hereby enjoined and restrained, directly and indirectly, whether individually or in concert with others including any officer, agent, employee, and/or representative of Centurion Insurance Services Group, LLC or

Centurion ISG (Europe) Limited from transferring or selling the Winemiller Policies to any other party besides TFG.

(2) The Bank of Utah is hereby enjoined and restrained, directly and indirectly, whether individually or in concert with others including any officer, agent, employee, and/or representative of Centurion Insurance Services Group, LLC or Centurion ISG (Europe) Limited from releasing funds for the sale of the Winemiller Policies as described above to Centurion or any third party to complete the sale of the Winemiller Policies to anyone other than TFG.

(3) The Winemiller Policies are not subject to any liens or encumbrances for the duration of this TRO.

(4) Pursuant to Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect until 2:00 PM, December 21, 2015, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a hearing on the preliminary injunction.

(5) A hearing concerning the request for a preliminary injunction will be set for December 16, 2015 at 9:30 AM.  The Clerk is directed to issue a notice of hearing accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of December, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record