# Exhibit 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TFG LIFE SETTLEMENTS, LLC,
a Delaware limited liability company,

    Plaintiff,

vs.

Case No. 2:15-cv-755-FtM-38CM

CENTURION INSURANCE SERVICES
GROUP, LLC, an Ohio limited liability
company, and CENTURION ISG (EUROPE)
LIMITED, an Irish corporation,

    Defendants.
_____/

## SUPPLEMENTAL DECLARATION OF JAMES MAXSON IN SUPPORT OF TFG'S OPPOSITION TO DEFENDANTS' EMERGENCY MOTION AND IN RESPONSE TO OPPOSITION TO TFG'S MOTION FOR PRELIMINARY INJUNCTION

Pursuant to 28 U.S.C. § 1746, James Maxson declares as follows:

1. My name is James Maxson. I am an attorney licensed to practice law in the State of Georgia. I am a partner with the law firm of Culhane Meadows PLLC in Atlanta, Georgia and counsel for Plaintiff TFG Life Settlements, LLC ("TFG") with respect to certain transactional matters. I have personal knowledge of the matters set forth in this Declaration and if called upon to testify in court, I could and would competently do so.

2. Contrary to the Opposition submitted by Centurion Insurance Services Group, LLC and Centurion ISG (Europe) Limited (collectively, "Centurion"), I personally provided courtesy notice of the Verified Complaint, TFG's Motion for TRO and Preliminary Injunction, and the Temporary Restraining Order ("TRO") issued by the Court to Centurion's in-house counsel, Mr. Hodge, and to counsel at Arent Fox who had emailed me on behalf of Centurion to discuss the parties' dispute.

3. Specifically, at 1:54 p.m. on December 3, 2015, the same day that TFG filed this action, I sent an email to Alan Hodge, in-house counsel for Centurion, which attached courtesy copies of the Verified Complaint, the Summons, the Civil Cover Sheet, and TFG's Motion for

Temporary Restraining Order and Preliminary Injunction. A true and correct copy of the email with~~out~~ attachments to Mr. Hodge is attached hereto as **Exhibit A**.

4. At 1:40 p.m. on Friday, December 4, 2015, I received an email from Jule Rousseau of Arent Fox indicating that he had been asked by Marshall Seeman of Centurion to reach out to me about the lawsuit. A true and correct copy of Mr. Rousseau's email is attached hereto as **Exhibit B**.

5. At 2:36 p.m. on Friday, December 4, 2015, I sent a courtesy copy of the Court's TRO to Messrs. Rousseau and Hodge. A true and correct of my email with the attachment of the TRO is attached hereto as **Exhibit C**. The provision of the courtesy copy of the TRO occurred within two hours of when I undderstand it was issued.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 10th day of December, 2015.

*/s/ James W. Maxson*
JAMES MAXSON

**EXHIBIT A**

## Aaron McKown

| | |
|---|---|
| **Subject:** | FW: Winemiller Closing with Centurion  (Part One) |
| **Attachments:** | TFG Life v. Centurion - USDC MdFL - Civil Cover Sheet (12-03-2015).pdf; TFG Life v. Centurion - USDC MdFL - Verified Complaint (filed 12-03-2015).pdf; TFG Life v. Centurion - USDC MdFL - Summons (12-03-2015).pdf; TFG Life v. Centurion - USDC MdFL - Motion for Temporary Restraining Order (filed 12-03-2015).pdf |

**From:** Jim Maxson
**Sent:** Thursday, December 3, 2015 1:54 PM
**To:** 'Alan Hodge' <AHodge@Centurion-life.com>
**Subject:** FW: Winemiller Closing with Centurion (Part One)

Alan:

Attached is a complaint filed by TFG against Centurion today in the United States District Court for the Middle District of Florida. I understand that service is being sent to Centurion's agent for service of process in Ohio.

Kind regards,

Jim

James W. Maxson
**CULHANE MEADOWS** PLLC
Direct: (404) 343-0187
jmaxson@culhanemeadows.com

Begin forwarded message:

> **From:** Luis Gonzalez <lgonzalez@ringbenderlaw.com>
> **Date:** December 3, 2015 at 1:31:02 PM EST
> **To:** Aaron McKown <AMcKown@ringbenderlaw.com>
> **Subject: RE: Winemiller Closing with Centurion  (Part One)**
>
> Aaron,
>
> Attached please find the following documents sent for filing today, December 3, 2015, with the USDC Middle District of Florida:
>
> 1) Civil Cover Sheet
> 2) Verified Complaint
> 3) Summons
> 4) Motion for Temporary Restraining Order
>
> ### SENT VIA SECOND EMAIL:
> 5) Declaration of Gary Brecka; and
> 6) Declaration of James Maxson
>
> Please advise if you require any additional information.

1

Thanks,

Regards,

2

**EXHIBIT B**

**Aaron McKown**

**Subject:** FW: Winemiller policies

-----Original Message-----
From: Rousseau, Jule [mailto:Jule.Rousseau@arentfox.com]
Sent: Friday, December 4, 2015 1:40 PM
To: Jim Maxson <jmaxson@culhanemeadows.com>
Subject: Winemiller policies

Marshall has asked for my help.  You free to talk about the busted deal?

Call my cell anytime.

Sent from my iPad
Jule Rousseau
Arent Fox LLP
P 2124843948
C 9175332034

CONFIDENTIALITY NOTICE: This e-mail and any attachments are for the exclusive and confidential use of the intended recipient. If you received this in error, please do not read, distribute, or take action in reliance upon this message. Instead, please notify us immediately by return e-mail and promptly delete this message and its attachments from your computer system. We do not waive attorney-client or work product privilege by the transmission of this message.

**EXHIBIT C**

# Aaron McKown

| | |
|---|---|
| **Subject:** | FW: Order on TRO |
| **Attachments:** | DE 5 - Order on TRO (filed 11-04-2015).pdf |
| **Importance:** | High |

-----Original Message-----
From: Jim Maxson
Sent: Friday, December 4, 2015 2:36 PM
To: Rousseau, Jule <Jule.Rousseau@arentfox.com>; 'Alan Hodge' <AHodge@Centurion-life.com>
Subject: Order on TRO
Importance: High

Jule/Alan:

Please see attached order from Judge Chappell granting TFG's motion for a TRO. I'm also going to send a courtesy copy to BOU.

Jule - I've been on calls and haven't had time to confer with my client with respect to whether they want me to communicate with you, or if it should be Aaron Kowan who is representing TFG in the litigation. As soon as I hear back, one or both of us will give you a call. You said you're traveling - are you available for the next couple of hours?

Kind regards,

JIm

James W. Maxson
CULHANE MEADOWS PLLC
Direct: (404) 343-0187
jmaxson@culhanemeadows.com

Case 2:15-cv-00755-SPC-CM Document 5 Filed 12/04/15 Page 1 of 6 PageID 283

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TFG LIFE SETTLEMENTS, LLC, a
Delaware limited liability company

    Plaintiff,

v.

Case No: 2:15-cv-755-FtM-38CM

CENTURION INSURANCE
SERVICES GROUP, LLC and
CENTURION ISG (EUROPE)
LIMITED,

    Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff, TFG Life Settlements, LLC's Motion for a Temporary Restraining Order (TRO) (Doc. #2) filed on December 3, 2015. TFG provided the Defendant Centurion Insurance Services Group, LLC (Centurion) with notice of the TRO proceedings and a copy of its Motion on December 3, 2015. Centurion has not filed a response.

### BACKGROUND

This case arises out of the sale of three (3) life insurance policies between TFG and Centurion. TFG alleges that Centurion agreed to sell the Winemiller Policies at issue for a total price of $1,800,000. The Winemiller Policies at issue are:

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

   (1) An insurance policy issued by John Hancock Life Insurance Company Policy Number 95475091, insuring the life of Jimmy D. Winemiller with a death benefit of $10,000,000. (Handcock Policy).

   (2) An insurance policy issued by Aviva Life and Annuity Company Policy Number IL02139410, insuring the life of Jimmy D. Winemiller with a death benefit of $10,000,000. (Aviva Policy).

   (3) An insurance policy issued by Zurich American Life Insurance Company. Policy Number 151301, insuring the life of Jimmy D. Winemiller with a death benefit in the amount of $5,000,000. (Zurich Policy).

Both the Aviva and John Hancock Polices have entered the thirty (30) day grace period in which the premium must be paid or the policy will lapse. The Aviva Policy will lapse on December 4, 2015, should the $255,008.66 premium not be paid. The date the grace period will lapse for the John Hancock Policy is not known at this time.

  TFG avers that on November 22, 2015, brokers approached it about purchasing the John Hancock Policy for $1,025,000, the Aviva Policy for $700,000, and the Zurich Policy for $75,000, for a total of $1,800,000. In response, TFG made an offer through these brokers to Centurion.

  On November 23, 2015, TFG agreed to the purchase of all three policies. Centurion accepted the offer and draft agreements were circulated between the buyer and seller on November 30, 2015. On that same day, Centurion sent TFG executed copies of the sales agreements. TFG signed the agreements on December 1, 2015.

2

That same day, the Bank of Utah confirmed that TFG deposited the total purchase price for the Winemiller Policies.

TFG argues the written sales agreements entered into on December 1, 2015, mandate specific performance and contain a clause for injunctive relief should one of the parties back out of the agreements. TFG now states that Centurion is attempting to back out of the agreements and sell the Winemiller Policies to a third party for more money. Less than twenty-four (24) hours after receiving TFG's signatures on the sales agreements, Centurion informed TFG that it would not authorize the Bank of Utah to finalize the closing on the Winemiller Polices as agreed. TFG states that Centurion has received another offer on the Winemiller Policies and stands to gain an additional $1,000,000 by selling to the third party.

As a result of Centurion backing out of the agreements, TFG filed a Complaint with this Court seeking a TRO preventing the sale of the Winemiller Policies to a third party.

## DISCUSSION

TFG moves the Court for a TRO to maintain the status quo pending the final disposition of the case. TFG requests the Court to prevent: (a) the Bank of Utah or anyone else from offering for sale, selling, transferring, gifting, or conveying the Winemiller Policies to any other person other than TFG; (b) permitting the Winemiller Policies to be subject to any encumbrances or liens of any kind; and (c) allowing the Winemiller Policies to lapse, enter into a grace period or otherwise be adversely affected, until further order of this Court.

A temporary restraining order will be issued only if plaintiff demonstrates (1) the likelihood of success on the merits of the claim; (2) the irreparable nature of the

3

threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or other if the order is issued; and (4) the public interest at stake, if any. Fed. R. Civ. P. 65. A.G. Edwards & Sons, Inc. v. McCreanor, No. 2:07-CV-570-FTM29DNF, 2007 WL 2696570, at *1 (M.D. Fla. Sept. 11, 2007) (citing M.D. Fla. Local Rules, 4.05(b)(4)).

### (1) *The Likelihood of Success*

On November 30, 2015, Centurion sent TFG its executed copies of the sales agreements. TFG signed the agreements on December 1, 2015, and returned them to Centurion. The sales agreements contain a specific performance clause and a clause providing for injunctive relief. Therefore, based upon the agreements, it appears there is a likelihood of success on the merits.

### (2) *The Irreparable Nature of the Threatened Injury and the Reason that Notice Cannot be Given*

TFG states it provided notice to Centurion on December 3, 2015, the day the TRO was filed with the Court. While notice was provided, it was short and did not allow Centurion time to file a proper response. Nevertheless, good cause exists to provide no notice or short notice due to the grace period expiring on the Aviva Policy on December 4, 2015. If the grace period expires, the Aviva Policy will be terminated and result in irreparable injury to TFG. Additionally, should the Winemiller Policies be sold to a third party, TFG will suffer irreparable harm in the loss of the deal. Thus, there exists an irreparable nature to the threatened injury TFG faces, and the second prong is met.

### (3) *Potential Harm that Might be Caused to the Opposing Parties*

There is potential harm to Centurion in the loss of the sale of the Winemiller Policies to a third Party for more money than offered by TFG. However, greater loss will

4

be incurred by TFG, which entered into the sales agreements in apparent good faith, if the Winemiller Policies are sold to a third party. Thus, the third prong is met.

### (4) *Public Interest at Stake*

The public has an interest in contracts being performed as agreed. Therefore, the public has an interest at stake and the public interest will not be violated by the issuance of the requested TRO. The fourth prong is met.

### CONCLUSION

The four prongs of Fed. R. Civ. P. 65(b) have been met and good cause exists to enter the TRO. Aviva is not a party to this action and entered into a contract with a third party to insure Jimmy Winemiller. Therefore, the Court cannot direct Aviva to extend the grace period on the Aviva Policy that will expire on December 4, 2015. However, TFG, the Plaintiff in this action, may pay the $255,008.66 premium. The amount of the total purchase price for all three Winemiller Policies will be reduced by that amount should TFG prevail in its lawsuit.

Accordingly, it is now

**ORDERED:**

Plaintiff, TFG Life Settlements, LLC's Motion for a Temporary Restraining Order (TRO) (Doc. #2) is **GRANTED** and is effective as of 2:00 PM this fourth day of December 2015.

(1) Centurion is hereby enjoined and restrained, directly and indirectly, whether individually or in concert with others including any officer, agent, employee, and/or representative of Centurion Insurance Services Group, LLC or

5

Centurion ISG (Europe) Limited from transferring or selling the Winemiller Policies to any other party besides TFG.

(2) The Bank of Utah is hereby enjoined and restrained, directly and indirectly, whether individually or in concert with others including any officer, agent, employee, and/or representative of Centurion Insurance Services Group, LLC or Centurion ISG (Europe) Limited from releasing funds for the sale of the Winemiller Policies as described above to Centurion or any third party to complete the sale of the Winemiller Policies to anyone other than TFG.

(3) The Winemiller Policies are not subject to any liens or encumbrances for the duration of this TRO.

(4) Pursuant to Fed. R. Civ. P. 65(b), this Order shall remain in full force and effect until 2:00 PM, December 21, 2015, at which time it shall expire by its terms unless extended by this Court upon good cause shown, by consent of the parties, or by entry of a subsequent preliminary injunction by this Court pending a hearing on the preliminary injunction.

(5) A hearing concerning the request for a preliminary injunction will be set for December 16, 2015 at 9:30 AM. The Clerk is directed to issue a notice of hearing accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of December, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record