UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TFG LIFE SETTLEMENTS, LLC, a
Delaware limited liability company

      Plaintiff,

v.         Case No:  2:15-cv-755-FtM-38CM

CENTURION INSURANCE
SERVICES GROUP, LLC and
CENTURION ISG (EUROPE)
LIMITED,

      Defendants.
_____/

**ORDER**[1]

This matter comes before the Court on Defendants, Centurion Insurance Services Group, LLC (Centurion U.S.) and Centurion ISG (Europe) Limited's (together Centurion) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #15) filed on December 11, 2015.  The Plaintiff, TFG Life Settlements, LLC (TFG) filed its Expedited Response in Opposition (Doc. #17) filed on December 14, 2015.  A hearing was held on the issue on December 16, 2015, and argument was heard on the Motion.

Centurion moves the Court to dismiss the Complaint for lack of subject matter jurisdiction.  TFG brings this action pursuant to this Court's diversity jurisdiction.  The Complaint states that the Parties are diverse as Centurion Insurance Services Group,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

LLC is an Ohio limited liability company with its principal place of business in Cincinnati, Ohio, and Plaintiff is a Delaware Corporation with its principal place of business in Naples, Florida.  Centurion states that Centurion Insurance Services Group, LLC is registered in Ohio but its principal place of business is Boca Raton, Florida, and that two (2) of the LLC's members are citizens of Delaware so there is not diversity.  At the hearing, Counsel for TFG conceded that Centurion U.S. is a citizen of Florida and as long as it is a party the Court lacks subject matter jurisdiction.  TFG asks the Court to make a finding that Centurion U.S. is a dispensable party, dismiss Centurion U.S. from the Complaint, and retain jurisdiction based on diversity of the remaining parties.

## STANDARD OF REVIEW

The general rule under Fed. R. Civ. P. 12(h)(3) is that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Under a Rule 12(b)(1) motion, a claim's subject matter jurisdiction may be challenged both facially and factually. McMaster v. United States, 177 F.3d 936, 940 (11th Cir. 1999). According to the Eleventh Circuit, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true". Id. (punctuation omitted). Factual attacks, however, "challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." Id. (punctuation omitted). The Eleventh Circuit has instructed that "[i]n response to a factual attack, a court should dismiss the complaint for lack of subject matter jurisdiction where the federal claim is clearly immaterial or insubstantial." Id. (punctuation omitted).

In factual subject matter jurisdictional attacks, this Court need not take the allegations in the complaint as true. Odyssey Marine Exploration, Inc. v. Unidentified Shipwrecked Vessel, 657 F.3d 1159, 1169 (11th Cir. 2011) cert. denied, 132 S. Ct. 2379 and cert. denied, 132 S. Ct. 2380 (U.S. 2012) and cert. denied. Rather, the Court may "independently weight the facts and is not constrained to view them in the light most favorable to the non-movant." Id.

## **DISCUSSION**

Centurion argues the Complaint must be dismissed because this Court lacks diversity jurisdiction. Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. The removing party bears the burden of demonstrating that removal is proper. Hernandez v. Ferris, 917 F. Supp. 2d 1224, 1226-27 (M.D. Fla. 2012) (citing Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir.2001)).

As grounds to dismiss the case, Centurion states that while Centurion Insurance Services Group, LLC (Centurion U.S.) is an Ohio limited liability company, its principal place of business was moved in the spring of 2015 to Boca Raton, Florida. Thus, Centurion argues there is no diversity and the case should be dismissed. TFG argues that pursuant to Fed. R. Civ. P. 21, Centurion U.S. may be dismissed as a dispensable party and diversity will be maintained with Centurion Europe which is a foreign company based in Ireland.

Under Rule 21 the Court may dismiss a misjoined party.  Rule 21 reads in pertinent part:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court **may** at any time, on just terms, add or drop a party.  The court may also server any claims against a party.

Fed R. Civ. P. R. 21 (emphasis added).

Based upon the arguments at the hearing, the Court will exercise its discretion and decline to rule on whether or not Centurion U.S. is a dispensable party. Barber v. America's Whole Lender, 289 F.R.D. 364, 366-67 (M.D. Fla. 2013) (holding that district courts enjoy broad discretion to at any time add or drop a party . . . district courts enjoy equally broad discretion to sever parties based on misjoinder).  TFG admitted in its brief and at the hearing that Centurion U.S. destroys diversity and prevents this Court from having subject matter jurisdiction.  TFG is the master of its Complaint, if it wishes to dismiss Centurion U.S. it has the right to do so and file an Amended Complaint as authorized by Fed. R. Civ. P. 15(a).

Under Fed. R. Civ. P. 15(a) a party may amend their pleading as a matter of course before being served with a responsive pleading or up to twenty-one (21) days after serving the pleading if a responsive pleading has not been filed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). Otherwise, the Party must seek leave of court or written consent of the adverse party in order to amend the pleading. Fed. R. Civ. P. 15(a)(2).

The Complaint was filed on December 3, 2015, and to date no responsive pleading has been filed.  As such, TFG would have up to and including December 24, 2015, to file an Amended Complaint without leave of Court.  TFG failed to do so.  Therefore, the Court

declines to exercise its discretion under Rule 21 but will dismiss the Complaint for lack of subject matter jurisdiction and dissolve the TRO (Doc. #5) issued on December 4, 2015.

Accordingly, it is now

**ORDERED:**

(1) Defendants, Centurion Insurance Services Group, LLC and Centurion ISG (Europe) Limited's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #15) is **GRANTED.**

(2) Centurion has up to and including **December 29, 2014**, to file an Amended Complaint. Should TFG not file an Amended Compliant on or before December 29, 2015, this case will be **DISMISSED** and closed for failure to prosecute.

(3) The TRO (Doc. #5) issued on December 4, 2015, is hereby **DISSOLVED** based on the lack of subject matter jurisdiction at the time of the filing of the Complaint.

(4) The Emergency Motion to Dissolve the TRO (Doc. #13) filed on December 9, 2015 is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida this 16th day of December, 2015.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record