UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TFG LIFE SETTLEMENTS, LLC, a
Delaware limited liability company

       Plaintiff,

v.                                        Case No:  2:15-cv-755-FtM-38CM

CENTURION ISG (EUROPE)
LIMITED,

       Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, TFG Life Settlements, LLC's Motion for Jurisdictional Discovery, for a Ruling upon Its Pending Emergency Motion for Injunctive Relief, and for a Discovery and Revised Briefing Schedule (Doc. #27) filed on December 21, 2015.  The Defendant, Centurion filed its Response in Opposition (Doc. #33) on January 4, 2016.  The Motion is fully briefed and ripe for the Court's review.

## BACKGROUND

On December 4, 2015, the Court entered a temporary restraining order (TRO) preventing the Defendant from selling the life insurance policies at issue in this case to a third party buyer.  Centurion Europe and Centurion U.S. moved the Court to dismiss the case due to lack of diversity jurisdiction.  A hearing was held on the issue of the Court's

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

diversity jurisdiction on December 16, 2016. At the hearing, Counsel for Plaintiff conceded that Centurion U.S. was a citizen of Florida and as long as it was a party the Court lacked subject matter jurisdiction.

Based upon the testimony and evidence from the hearing, the Court dismissed the Plaintiff's complaint for lack of diversity jurisdiction, dissolved the TRO, and allowed the Plaintiff leave to file an amended complaint. Without the TRO preventing the sale of the insurance policies, Centurion Europe sold them to a third party buyer. Subsequently, the Court denied Plaintiff's Motion for a new preliminary injunction.

Plaintiff filed its Amended Complaint against Centurion Europe on December 16, 2016. The Court directed the Plaintiff to file a brief as to why it has jurisdiction over this case. In response to the Court's Order, the Plaintiff moves the Court for jurisdictional discovery.

## **STANDARD OF REVIEW**

The Eleventh Circuit recognizes a qualified right to conduct jurisdictional discovery. *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) ("jurisdictional discovery is not entirely discretionary . . . a court does not have discretion to grant or deny a request for jurisdictional discovery [when jurisdictional facts are in dispute]). Rather, it is appropriate to speak in terms of a qualified 'right' to jurisdictional discovery when a court's jurisdiction is genuinely in dispute." See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978). Specifically, "[i]f the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation . . . , then discovery will certainly be useful and may be essential to the revelation of facts necessary to decide the issue." *Eaton,* 692 F.2d at 730 n.7; see also *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (a motion to dismiss for lack of

personal jurisdiction may require limited discovery so that a meaningful ruling can be made); *Majd-Pour v. Georgiana Community Hosp., Inc.,* 724 F.2d 901, 903 (11th Cir. 1984) ("[a]lthough the plaintiff bears the burden of proving the court's jurisdiction, the plaintiff should be given the opportunity to discover facts that would support his allegations of jurisdiction"). As the above precedent reflects, jurisdictional discovery is favored where there is a genuine dispute concerning jurisdictional facts necessary to decide the question of personal jurisdiction; it is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing of personal jurisdiction.

## DISCUSSION

Plaintiff seeks jurisdictional discovery arguing that it is necessary to resolve Centurion Europe's conflicting claims regarding its principal place of business. Centurion Europe contends that its nerve center and principal place of business is in Boca Raton, Florida. As such, Centurion Europe argues there is no diversity jurisdiction and the case must be dismissed.

The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 80, 130 S. Ct. 1181, 1185, 175 L. Ed. 2d 1029 (2010) (citing 28 U.S.C. § 1332(c)(1)). A corporation's principal place of business has been defined as the nerve center. *Id.* As articulated in *Hertz,* the "nerve center" of a corporation refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Licari v. Am. Sec. Ins. Co.*, No. 8:12-CV-2853-T-33EAJ, 2013 WL 268688, at *2 (M.D. Fla. Jan. 24, 2013) (citing *Hertz*, 559 U.S. at 90-91). The nerve center is "normally ... the place

where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, . . and not simply an office where the corporation holds its board meetings." *Id.*

Centurion Europe avers that no diversity exists in this case because its nerve center is located in Boca Raton, Florida. Therefore, Centurion Europe argues it is a citizen of Florida for purposes of diversity jurisdiction in this case. Plaintiff argues that Centurion Europe's principal place of business is in Ireland. Since it is disputed where Centurion Europe actually has its principal place of business or nerve center—Florida or Ireland—good cause exists for the Plaintiff to conduct jurisdictional discovery.

Accordingly, it is now

**ORDERED:**

The Plaintiff, TFG Life Settlements, LLC's Motion for Jurisdictional Discovery, for a Ruling Upon Its Pending Emergency Motion for Injunctive Relief, and for a Discovery and Revised Briefing Schedule (Doc. #27) is **GRANTED in part and DENIED in part**.

- The Plaintiff will have up to and including **May 5, 2016**, to complete jurisdictional discovery.
- Plaintiff's brief on diversity jurisdiction is due on or before **May 20, 2016**.
- Defendant's response is due on or before **June 7, 2016**.
- The Motion for Injunctive Relief is **DENIED** as moot.

**DONE** and **ORDERED** in Fort Myers, Florida this 8th day of April, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record