UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TFG LIFE SETTLEMENTS, LLC, a
Delaware limited liability company

      Plaintiff,

v.                                               Case No:   2:15-cv-755-FtM-38CM

CENTURION ISG (EUROPE)
LIMITED,

      Defendant.

## ORDER

Before the Court are Defendant's Motion for Leave to File Supplemental Declaration of Brian J. Schwartz in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion for Leave," Doc. 55), Plaintiff's Motion to Compel Responses to Document Requests for a Further Document Production, and for Sanctions from Defendant Centurion ISG (EUROPE) Ltd. ("Motion to Compel," Doc. 69), and Defendant's Emergency Motion for Protective Order as To Plaintiff, TFG Life Settlements, LLC's Notice of Deposition *Duces Tecum* of Bank of Utah ("Motion for Protective Order," Doc. 72). Defendant filed a supplemental brief on standing related to the Motion for Protective Order. Doc. 76. Responses were filed in opposition to each of the above referenced motions. *See* Docs. 56, 77, 78. Defendant filed a reply to the response to the Motion for Protective Order. Doc. 83.

The Court heard extensive argument on the various motions at a hearing on May 25, 2016. For the reasons stated on the record, the Motion for Leave is denied as

moot, the Motion to Compel is granted in part and denied in part, and the Motion for protective order is granted in part and denied in part.

During the hearing, the Court took under advisement Plaintiff's request for sanctions associated with filing the Motion to Compel. The Court has since reviewed Plaintiff's request, and the request will be granted in part.

Plaintiff requests that the Court award sanctions pursuant to Rule 37(a)(5)(A), Federal Rules of Civil Procedure. Doc. 69 at 23-24. Rule 37(a)(5)(A) states that if a motion to compel discovery is granted or the discovery is provided after the motion is filed, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses unless the movant filed the motion before attempting in good faith to obtain the disclosure, the opposing party's nondisclosure was substantially justified, or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Here, because Plaintiff's motion is granted in part and denied in part, Rule 37(A)(5)(c) governs the how the Court may award sanctions in this case. Rule 37(A)(5)(c) permits the Court to apportion reasonable expenses for the motion when the motion is granted in part and denied in part. Fed. R. Civ. P. 37(a)(5)(A); *See also Emergency Servs. 24, Inc. v. Federated Mutual Ins. Co.*, 2011 WL 5360080 * 16 (S.D. Fla. 2011) (holding that each party should bear their own fees and costs when the motion was granted in part and denied in part and the opposing party's objections were substantially justified).

Here, the Court finds that sanctions are warranted but not in the amount requested by Plaintiff. Based on the representations to the Court, many of the

documents provided by Defendant were not provided until after the Motion to Compel was filed. The Court also notes, however, that many of Defendant's objections related to the overbreadth of Plaintiff's requests were valid. Accordingly, the Court finds that sanctions are not warranted in the amount requested by Plaintiff. Plaintiff requests an award of $6,000.00 in attorney's fees and costs associated with bringing this motion. Doc. 69 at 25. The Court finds an award of $3,000.00 to be reasonable.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendant's Motion for Leave to File Supplemental Declaration of Brian J. Schwartz in Support of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 55) is **DENIED as moot.**

2. Plaintiff's Motion to Compel Responses to Document Request for a Further Document Production, and for Sanctions from Defendant Centurion ISG (EUROPE) Ltd. (Doc. 69) is **GRANTED in part and DENIED in part.**

   a. Requests 2, 8, 10, 13, 23, 26, 27 and 30 are **GRANTED in part.**

      i. In response to requests 2 and 13, Defendant is ordered to produce any documents or things responsive to these requests from December 3, 2014 through December 3, 2015. The production of these documents are subject to attorneys eyes only.

    ii. In response to requests 8 and 10, Defendant is ordered to produce any documents or things responsive to these requests from December 3, 2014 through December 3, 2015.

    iii. Request 23 is limited in scope and time to one unrelated transaction in each of the 3 months before this case was filed. The production of the documents responsive to request 23 are subject to attorneys eyes only. The documents responsive to request 23 may be redacted as to pricing. Any third parties identified in the documents responsive to request 23 are not to be deposed without prior Court approval.

    iv. In response to requests 26 and 27, Defendant is ordered to produce any documents or things responsive to these requests from 2012 when Centurion Europe was formed. The production of these documents are subject to attorneys eyes only.

    v. Request 30 is limited in time from December 3, 2014 through December 3, 2015. The financial information in the documents may be redacted. The other information in the documents will not be redacted but will be subject to attorney's eyes only.

b. Request 11 was **RESOLVED.**

c. Requests 2, 3, 4, 5, 6, 7, 12, 14, 25, 29 and 31 are **DENIED.**

    d. Requests 20 and 21 are **GRANTED.**

    e. Request 24 is **WITHDRAWN.**

    f. Requests 15, 19 and 28 are **GRANTED** to the extent that any responsive items were not produced.

3. Defendant shall have up to and including **June 15, 2016** to provide the items responsive to the requests or specifically indicate that all of the items have been produced or that no items exist that are responsive to the request.

4. Defendant also has up to and including **June 2, 2016** to provide Plaintiff with an updated privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5).

5. Defendant's Emergency Motion for Protective Order as To Plaintiff, TFG Life Settlements, LLC's Notice of Deposition *Duces Tecum* of Bank of Utah (Doc. 72) is **GRANTED in part and DENIED in part.** Defendant's motion is **GRANTED** with respect to any documents or questioning after December 3, 2015. Otherwise, Defendant's motion is **DENIED**.

6. The parties shall have up to and including **June 30, 2016** to complete the jurisdictional discovery.

7. Plaintiff's brief on diversity jurisdiction is due on or before **July 14, 2016.**

8. Defendant's supplemental brief on diversity jurisdiction is due on or before **July 28, 2016.**

9. Defendant's request that the Declaration of Aaron McKown be stricken is **DENIED**.

10. Plaintiff's request for sanctions is **GRANTED in part**. Plaintiff is awarded $3,000.00 in attorney's fees and costs.

11. The deadlines in the Case Management and Scheduling Order (Doc. 60) are **STAYED** pending the district judge's ruling concerning the Court's subject-matter jurisdiction.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of May, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record